UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Albert J. Isaac | ) | |
| Rosetta W. Isaac | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v | )No. | |
| | ) | |
| Ingram Law Offices, LLC et al. | ) | CV-10-PWG-1352-S |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## COMPLAINT

1. Plaintiffs, Albert J. Isaac, and Rosetta W. Isaac for their Complaint alleges the following, and bring this Action for the Defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), 15 U. S. C §1692 et seq., Telephone Consumer Protection Act (hereinafter referred to as "TCPA"), 47 U. S. C. §227 et seq.. To obtain statutory damages, punitive damages and cost of this Action against the defendants for violations of the FDCPA and TCPA.

2. (FDCPA) prohibits debt collectors from engaging in abusive, deceptive, unfair collections practices and the invasion of individual privacy. (TCPA) has restrictions on the use of telephone equipment.

## JURISDICTION AND VENUE

3. This Court has original Jurisdiction of the Causes of Action herein which are

brought 28 U.S.C. §§ 1331, 1391(b)-(c), 47 U.S.C. §227 et seq. and 15 U.S.C. § 1692 et seq..The Plaintiffs also invokes the supplemental jurisdiction of this Court for state law claims that rise from the same facts and circumstances under 28 U.S.C. §1367

4. All events which gave rise to this Complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, and pursuant to the (1975) Alabama Code §§6-3-2 and 6-3-7. Venue is proper in this district pursuant 28 U.S.C. §1391(b)(c).

## PARTIES

5. Plaintiffs, Albert J. Isaac and Rosetta W. Isaac, resides in Jefferson County, Alabama, and over the age of 21 years. Citizens of the United States and the State of Alabama.

6. Defendant Ingram Law Offices, LLC(hereinafter referred to as "Ingram") is a Limited Liability Company organized under the laws of the State of Alabama and its principle place of business 204 20th Street North, Birmingham, AL 35203-3610 is a debt collector as defined 15 U.S.C. §1692a(6). The defendant Ingram transact business in this District.

## FACTUAL ALLEGATIONS

7. Defendant Ingram began annoying, harassing the plaintiffs, by causing plaintiff's residential telephone to ring. Defendant Ingram continued with the harassment after Defendant Ingram received a cease and desist letter via certified

United States Postal Service mail. A violations of 15 U.S.C. §§1692d(5), .

8.  Defendant Ingram began leaving artificial or pre-recorded voice mail messages, on the plaintiffs residential telephone voice mail. Defendant Ingram failed to disclose in its initial and subsequent communication (artificial or pre-recorded voice mail messages) that the communications is from a debt collector attempting to collect a debt. A violation of 15 U.S.C.§ 1692e(11).

9.  Defendant Ingram intentionally engaged in a conduct to harass, oppress, and abuse the plaintiffs in the connection to collect a debt by "the placement of telephone calls without a meaningful disclosure of the caller's identity", to the plaintiffs residential telephone voice mail. Violation of 15 U.S.C. § 1692d(6).

10. Defendant Ingram initiated telephone calls to the plaintiffs residential telephone using an artificial or pre-recorded voice to deliver a message to the plaintiffs voice mail without prior express consent or an established business relationship with the plaintiffs. Violation of 47 U.S.C. § 227(b)(1)(B).

11. Upon information and beliefs, the defendant Ingram. In the course of their debt collection activities, at all relevant times, had actual or constructive knowledge that their employees, servants, and agents, were violating the FDCPA and the TCPA despite this knowledge, continue to engage in further violations of the FDCPA and the TCPA. Consciously, deliberately engage in oppression, wantonness, and malice, in disregard to the plaintiffs rights, the FDCPA and the TCPA.

12. Upon information and beliefs, the defendants Ingram knew or should have known of the unfitness of their agent, employee, or servant, and employed him/her or continued to employ him/her, or used his/her services without proper supervision and instructions with a disregard for the FDCPA, TCPA, plaintiffs rights and safety; or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to benefit the defendant Ingram. As a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

## PRAYER CLAIMS FOR RELIEF

### First Claim- Harassment or Abuse 15 U.S.C.§1692d(5)

13. Plaintiffs incorporates by reference paragraphs 1 through 12 of the Complaint as if fully set out herein.

14. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:(5) Causing a telephone to ring or engaging any person in telephone conversation repeat. As a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

## Second Claim-Ceasing Communication 15 U.S.C. 1692c(c)

15.  Plaintiffs incorporates by reference paragraphs 1 through 14 of the Complaint as if fully set out herein.

16.  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--(1) to advise the consumer that the debt collector's further efforts are being terminated;(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy if such notice from the consumer is made by mail, notification shall be complete upon receipt. As a result of the defendants' actions the Plaintiff(s) sustained mental anguish

## Third Claim-False or Misleading Representation 15 U.S.C.§1692e(11)

17.  Plaintiffs incorporates by reference paragraphs 1 through 16 of the Complaint as if fully set out herein.

18.  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

11) The failure to disclose in the initial written communication with the consumer

and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. As a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

### Fourth Claim-Harassment or Abuse 15 U.S.C.§1692d(6)

19.  Plaintiffs incorporates by reference paragraphs 1 through 18 of the Complaint as if fully set out herein.

20.  A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity. As a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

### Fifth Claim-Restrictions on Use of Telephone Equipment 47 U.S.C. §227b(1)B

21.  Plaintiffs incorporates by reference paragraphs 1 through 20 of the Complaint

as if fully set out herein.

22.  (b) Restrictions on use of automated telephone equipment

  (1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-- (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B); As a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

(3) Artificial or prerecorded voice systems

The Commission shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone. Such standards shall require that--

  (A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual; and

## Sixth Claim-Negligent Supervision
## Alabama Code (1975) §6-11-27

23. Plaintiffs incorporates by reference paragraphs 1 through 22 of the Complaint as if fully set out herein.

24. Defendant Ingram failed to monitor the activities of its employees, agents, or servants and negligently failed to supervise their activities and conduct. Defendant Ingram knew or should have known of the unfitness of its agents, employees, or servants, and employed him/her or continued to employ him/her, or used his/her services without proper supervision with a disregard for the FDCPA, TCPA, and plaintiffs rights authorized the wrongful conduct of the agent, servant or employee were calculated to benefit the defendant Ingram. As a result of the defendants' actions the plaintiff(s) sustained mental anguish.

## Seventh Claim-Inadequate Training
## Alabama Code (1975) § 6-11-27

25. Plaintiffs incorporates by reference paragraphs 1 through 24 of the Complaint as if fully set out herein

26. Defendant Ingram negligently failed to train their employees, agents, or servants. Defendant Ingram knew or should have known of the unfitness of their agent, employees, or servants, and employed him/her or continued to employ him/her, or used his/her services without proper instructions, with a disregard for the FDCPA, TCPA, and plaintiffs rights authorized the wrongful conduct of the agent, servant or

employee were calculated to benefit the defendant as a result of the defendants' actions the Plaintiff(s) sustained mental anguish.

**27.   WHEREFORE PREMISE CONSIDERED**, plaintiff(s) respectfully pray's that the Court, grant equitable relief for each law violation alleged in this complaint;

28.   Award the plaintiff(s) statutory damages (treble), pursuant 15 U.S.C. §1692k(a)(2). According to proof.

29.   Award the plaintiff(s) statutory damages (treble), pursuant 47 U.S.C. §§227(3)(C), 227(5)(C). According to proof.

30.   Award the plaintiff(s) punitive damage( treble), pursuant the Alabama Code (1975), Title 6 §6-5-300, §6-11-20, §6-11-21 §6-11-27. According to proof.

31.   Award Court costs for suit.

32.   Award Plaintiff(s) additional relief as this Court may deems just and proper.

Date: May 26, 2010

Rosetta W. Isaac, *Pro Se*

Albert J. Isaac, *Pro Se*

Defendant Address:

Ingram Law Office
204 20th Street North,
Birmingham, AL 35203-3610

Plaintiffs Address:

617 76th Street South
Birmingham, AL 35206
Phone: (205)836-3075